**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **CSX TRANSPORTATION, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:25-cv-1031-STA-jay** |
| | ) | |
| **THE WEST TENNESSEE RAILROAD, LLC,** | ) | |
| **individually, and as successor-in-interest** | ) | **JURY DEMANDED** |
| **to THE WEST TENNESSEE RAILROAD** | ) | |
| **CORPORATION, collectively** | ) | |
| **d/b/a WTNN and/or West Tennessee Railroad,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DISCOVERY ORDER
ORDER DENYING CSX'S MOTION TO ENFORCE (ECF NO. 108) AND
MOTION FOR LEAVE TO FILE REPLY (ECF NO. 119) AS MOOT**

On February 17, 2026, the United States Magistrate Judge entered an order granting in part and denying in part Respondent Westchester Surplus Lines Insurance Company's ("Westchester) motion for a protective order. *See* Order Granting in Part, Denying Part Motion for Protective Order, Feb. 17, 2026 (ECF No. 103). Westchester filed a timely appeal of the Magistrate Judge's order, and the parties have now fully briefed Westchester's objections. For the reasons set forth below, the Court **AFFIRMS** the Magistrate Judge's order.

**BACKGROUND**

The Magistrate Judge has set out the following procedural background on Westchester's motion for protective order, and no party has objected to the Magistrate Judge's recitation of the facts. This is a breach of contract case involving an alleged interchange agreement between Plaintiff CSX Transportation, Inc. ("CSX") and Defendant West Tennessee Railroad,

1

LLC ("WTNN"). Discovery has been ongoing since the Court held its initial scheduling conference and entered a scheduling order on April 3, 2025. At issue in Westchester's motion for protective order are two subpoenas that CSX served on Westchester, which is not a party to the action. First, counsel for CSX signed a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena for Documents") on July 30, 2025. (ECF No. 74-2). The Subpoena for Documents seeks seven categories of documents and information. Westchester received a copy of the Subpoena for Documents on either August 5 or 6, 2025.

On August 6, 2025, Westchester's counsel emailed CSX's counsel with their contention that "[t]he documents listed are not discoverable in your matter" and advised them that a motion for protective order and objections would be forthcoming. (ECF No. 74-3 at 1). Additionally, on August 7, 2025, Chubb Claim Operations responded to the Subpoena for Documents by stating that Westchester had no responsive documents to produce. (ECF No. 81-4). Westchester did not serve written objections to the Subpoena for Documents and did not file its motion for protective order (ECF No. 74) until December 10, 2026.

Second, CSX served on Westchester a Subpoena to Testify at a Deposition in a Civil Trial ("Deposition Subpoena") on November 24, 2025. The Deposition Subpoena seeks corporate representative testimony and a demand for the same documents sought by the Subpoena for Documents. CSX noticed the deposition for December 11, 2025. Westchester refused to conduct the deposition on December 11 or reschedule it for a different date, despite CSX's efforts to find a different date for the deposition to be taken.

In its motion for protective order, Westchester argued that it was entitled to a protective order as to the entirety of both subpoenas, listing its objections to each category and request

provided in the subpoenas.  WTNN also filed a memorandum of law (ECF No. 79) in support

of Westchester's motion. CSX responded in opposition, arguing in part that Westchester

waived it objections to the Subpoena for Documents because it did not comply with Federal

Rules of Civil Procedure 45(d)(2)(B) and 45(e)(2)(A). The Court referred Westchester's

motion to the Magistrate Judge for determination pursuant to 28 U.S.C. § 636.

The Magistrate Judge granted Westchester's motion for protective order as to several

categories of documents and topics for deposition but denied it as to others.  As a threshold

determination, the Magistrate Judge decided not to strictly enforce the waiver requirement

under Rule 45 and proceeded to the merits of Westchester's objections.[1] The Magistrate Judge

then carefully analyzed each of Westchester's objections to the subpoenas, going through each

category of documents sought or topic for deposition.  In several instances, the Magistrate

Judge concluded that the settlement privilege shielded some documents from production or

some topics for questioning at a deposition.

Where the Magistrate Judge denied relief, he found that CSX had shown the discovery

sought was relevant and that Westchester had not shown that it was not proportional to the

needs of the case. To the extent that Westchester invoked the attorney-client privilege or the

work product protection to shield itself from the discovery, the Magistrate Judge found that

---

[1] CSX had argued in opposition to the motion for protective order (ECF No. 81) that
Westchester had waived any objection to the subpoenas by failing to make a formal objection
within the time allowed under the Rules. The Magistrate Judge considered the argument but
ultimately excused Westchester's lack of a timely objection before deciding the motion for
protective order on the merits.

CSX did not appeal that portion of the Magistrate Judge's order. CSX, however, returns
to its waiver argument in its response to Westchester's appeal (ECF No. 115).  Because CSX
did not preserve the issue by filing its own appeal of the Magistrate Judge's ruling, the Court
declines to address CSX's argument that Westchester waived its opportunity to object to the
subpoenas.

Westchester's objections were not detailed enough.  The Magistrate Judge therefore denied Westchester's motion for protective order.  While the Magistrate Judge denied Westchester the benefit of a protective order as to several categories of documents and topics of questioning, he did so without prejudice to Westchester's right to refile its motion with a detailed privilege log.

The Magistrate Judge's ruling followed this form throughout his order. For example, Westchester's motion sought a protective order on the following documents and deposition topics:

**Category No. 1**: Westchester's investigation and understanding of the facts and circumstances of the accident involving Daniel Lewis that occurred on July 6, 2022.

**Category No. 2**: Westchester's investigation and the factual basis supporting Westchester's denial of CSX's tender of the Lewis matter, as stated in Westchester's May 23, 2024[,] denial letter …

**Category No. 6**: The decision-making authority as between Westchester and WTNN with respect to the Lewis matter.

**Category No. 7**: The reason(s) why Westchester agreed to pay most or all of the remaining limits of the Policy toward settlement of Lewis without including CSX in the settlement, and thus leaving WTNN exposed to continuing claims by CSX.

**Request for Production No. 1**: Westchester's complete claims file relating to the Lewis matter …

**Request for Production No. 9**: Any documents reflecting or relating to any demand(s) by WTNN against Westchester for bad faith or other extra-contractual remedies relating to the settlement of the Lewis matter.

4

**Request for Production No. 10:** Any documents reflecting or relating to any demand(s) by WTNN against its own attorney(s), advisor(s), or anybody owing a duty to WTNN, contending that it was an error, omission, or otherwise actionable to advise or allow WTNN to use up most or all of its insurance limits, yet leave itself exposed to the claims asserted in this action by CSX.

**Request for Production No. 11:** All internal emails within Westchester discussing the settlement of the Lewis action.

**Request for Production No. 12:** All communications between Westchester and counsel or representatives of Daniel Lewis.

The Magistrate Judge concluded that the settlement privilege under Federal Rule of Evidence 408 shielded Westchester from discovery as to Category Nos. 6 and 7 and Request Nos. 11 and 12. However, the Magistrate Judge found that CSX had shown the other discovery sought was relevant and that Westchester had not shown that it was not proportional to the needs of the case.  The Magistrate Judge noted that Westchester's objections were boilerplate, including its arguments concerning the attorney-client privilege and the work product doctrine.  The Magistrate Judge therefore denied Westchester's motion for protective order without prejudice to refile the motion with a detailed privilege log. Westchester's timely appeal followed.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review to orders on "nondispositive" preliminary matters and de novo review to reports and recommendations on dispositive matters. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100

S.Ct. 2406, 65 L.Ed.2d 424 (1980)); *see also* 28 U.S.C. § 636(b)(1). Westchester's motion for protective order is a non-dispositive matter subject to review under the clearly erroneous or contrary to law standard.

Federal Rule Civil Procedure 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Bell v. Int'l Broth. of Teamsters*, No. 96-3219, 1997 WL 103320, at*4 (6th Cir. Mar. 6, 1997). "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted). "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks omitted)). *See also* 32 Am. Jur. 2d *Federal Courts* 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

When a discovery order includes a magistrate judge's determination of relevance, district courts have used the abuse-of-discretion standard to review such an order. *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[M]agistrate judges are afforded broad discretion in resolving non-dispositive disputes, and reversal is appropriate only if their discretion is abused." *Goree v. UPS*, No. 2:14-cv-2505-SHL-dkv, 2015 WL 11120732, at *2

(W.D. Tenn. Oct. 30, 2015) (citation omitted). The district court "should not disturb the magistrate judge's relevance determination" unless it is based on an "erroneous conclusion of law" or where the record contains "no evidence" on which the magistrate judge could have rationally based the decision. *Peters' Bakery*, 301 F.R.D. at 485.

## ANAYSIS

Westchester's only objections concern the Magistrate Judge's denial of Westchester's motion without prejudice to renew the requests after Westchester had prepared a privilege log. Rule 26(b)(5)(A) requires that a party claiming a privilege or protection "expressly make the claim[ ] and describe the nature of the documents communications, or tangible things . . . in a manner that, without revealing information itself privileged and protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). A party objecting to a discovery request may use a privilege log to comply with Rule 26(b)(5)(A). *Grae v. Corr. Corp. of Am.*, No. 3:16-cv-2267, 2020 WL 3035915, at *4 (M.D. Tenn. June 5, 2020).

To comply with Rule 26(b)(5)(A), a privilege "must be sufficiently detailed so that the court can judge the propriety of assertion of the privilege." *Glidden Co. v. Jandernoa*, 173 F.R.D. 459, 476 (W.D. Mich. 1997). More specifically, a privilege log should contain "each document, the date of said document, the individuals who were parties to the communications, and a sufficient description to enable evaluation of the claim." *United States v. Life Care Ctrs. of Am., Inc.*, Nos. 1:08-cv-251, 1:12-cv-64, 2015 WL 10987073, at *11 (E.D. Tenn. Aug. 31, 2015) (citing *Glidden Co.*, 173 F.R.D. at 476; *SPX Corp. v. Bartect USA*, 247 F.R.D. 516, 527 (E.D. Mich. 2008)). "Boiler plate descriptions and allegations of protection or privilege will not suffice." *Ypsilanti Cmty. Utils. Auth. v. Meadwestvaco Air Sys. LLC*, No. CIV.A.07-CV-15280, 2009 WL 3614997, at *4 (E.D. Mich. Oct. 27, 2009) (citing *Clark Const. Grp., Inc. v.*

7

*City of Memphis*, No. 01-2780-B-An, 2005 WL 6187896 (W.D. Tenn. 2005)).

The Court finds no error or abuse of discretion in the Magistrate Judge's order denying in part Westchester's motion for protective order. The Magistrate Judge did not abuse his discretion in finding that certain requests sought the discovery of relevant information. CSX sought the discovery of Westchester's claims handling decision, including Westchester's determination that WTNN was not contractually obligated to indemnify CSX. Furthermore, the Magistrate Judge did not clearly err in deciding that Westchester had not carried its burden to show why the information was privileged or protected. Westchester argued broadly that whole categories of documents were subject to the attorney-client privilege or the work product protection. Without a privilege log, however, the Magistrate Judge was not well situated to assess those claims, particularly on a document-by-document basis.

In the final analysis, where the Magistrate Judge denied Westchester's motion for protective order, he did so without prejudice to Westchester's right to refile the motion with a detailed privilege log. Westchester's appeal in essence doubles down on its blanket claims of attorney-client privilege and work product protection, arguing that the Magistrate Judge erroneously rejected the claims. At the same time, Westchester has also produced a privilege log and asks the Court to review the withheld documents for privilege. In other words, Westchester asks the Court to conduct the very review the Court had already committed to the Magistrate Judge in its order of reference but without giving the Magistrate Judge the first opportunity to do so.

Westchester's privilege log may address the concerns identified by the Magistrate Judge in his order. But Westchester cannot use a privilege log it did not raise first before Magistrate Judge to expand the record and then argue that the Magistrate Judge's determination about

the need for a privilege log was somehow erroneous. Under the circumstances, the Court declines to consider how the privilege log impacts the issues raised in Westchester's motion for protective order.

Because the Court finds no clear error or abuse of discretion in the Magistrate Judge's order, the Court **AFFIRMS** the order. Just as the Magistrate Judge held, the denial of Westchester's motion for a protective order is without prejudice to Westchester's right to renew its motion with a privilege log. Because discovery has now closed and the Court will need to extend the remaining case management deadlines to ensure that the parties have a full opportunity complete discovery related to Westchester, the Court will give Westchester 14 days from the entry of this order to renew its motion for protective order. Westchester's should confine its renewed motion for protective order to issues where the Magistrate Judge denied the original motion without prejudice.

Two other matters warrant discussion. First, discovery closed March 26, 2026, and the Court has set a jury trial for August 31, 2026. Because more time is needed to complete discovery as it pertains to Westchester, the Court finds good cause to extend the case management deadlines and continue the trial. The Court refers the matter of an amended schedule to the Magistrate Judge for determination, once he has also decided Westchester's renewed motion for protective order. The Court will reset the trial date after the Magistrate Judge has set an amended schedule.

Lastly, CSX filed its own Motion to Enforce the February 17, 2026 Discovery Order (ECF No. 108). CSX argued that the Court should enforce the Magistrate Judge's denial of Westchester's motion for a protective order because Westchester had not requested a stay of the ruling at that time. CSX asked the Court to require the parties to brief its Motion to Enforce

on an expedited basis in light of the fact that discovery was set to close at that time on March 26, 2026. The Court referred CSX's Motion to the Magistrate Judge for determination. Westchester responded in opposition to the Motion, and CSX filed a Motion for Leave to Reply (ECF No. 119), which remains pending.

Westchester filed its timely appeal of the Magistrate Judge's ruling on its motion for protective order the day after CSX filed its Motion to Enforce.  Westchester's appeal arguably rendered CSX's Motion to Enforce moot. Therefore, the Court will **DENY** CSX's Motion to Enforce and Motion for Leave to Reply as moot.

## CONCLUSION

The Magistrate Judge's order is **AFFIRMED**.  Westchester has 14 days to renew its motion for protective order.  The Court hereby refers the renewed motion for protective order to the Magistrate Judge for determination. The Court also refers the matter to the Magistrate Judge for the entry of an amended schedule. The jury trial set for August 31, 2026, is continued.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 14, 2026